# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT J. DUPONT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 6:13-cv-03036-DGK |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF AND CERTIFICATE OF APPEALABILITY

This case arises out of Movant Robert DuPont's ("Movant" or "DuPont") conviction for conspiracy to commit health care fraud and health care fraud following a bench trial. Pending before the Court is DuPont's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (Doc. 1). Finding DuPont's arguments are without merit and an evidentiary hearing is unnecessary, the Court denies the motion and declines to issue a certificate of appealability.

## Procedural History

On April 2, 2008, a federal grand jury returned a superseding indictment charging Movant with health care fraud, conspiracy to commit health care fraud, and sixteen counts relating to conspiracy to commit money laundering and money laundering. The superseding indictment also named as defendants Laverne Dupont (Movant's wife), Kelley Wheeler, and Joplin River of Life Ministries, Incorporated ("JROL").

Movant and his wife pled not guilty and waived their right to a jury trial. Movant opted for a bench trial because he was concerned that a jury would be prejudiced against him if it

learned that he operated a nursing home where a fire killed eleven disabled residents. Trial counsel recommended Movant waive his right to a jury trial, and Movant accepted this advice.

The trial began on September 20, 2010, and lasted one day. The parties stipulated to thirty-nine facts; the Government called six witnesses and submitted twenty-seven exhibits; and the defense called two witnesses, Movant's probation officer and the Movant. On September 30, 2010, the Court issued its verdict finding the Duponts guilty of conspiracy to commit health care fraud and health care fraud, Counts One and Two respectively, and not guilty of the money laundering charges, Counts Three through Eighteen.

At sentencing on April 13, 2011, the district court departed upwards from the guidelines and sentenced Movant to sixty months imprisonment and three years of supervised release on each count, with the sentences to run concurrently.

Movant, through trial counsel, timely filed a notice of appeal on May 6, 2011. In his appeal, Movant alleged that the district court erred by denying his motions for judgment of acquittal because the Government did not prove that he "knowingly and willfully executed a scheme or artifice to defraud any health care benefit program." Dupont also argued that the evidence was insufficient to sustain their convictions because the "Government's evidence did not show the requisite criminal intent." On March 5, 2012, the Eighth Circuit Court of Appeals affirmed Movant's conviction. *United States v. Dupont*, 672 F.3d 580 (8th Cir. 2012).

Movant timely filed the pending post-conviction motion on January 15, 2013.

## DISCUSSION

Movant contends the Court should vacate his convictions or order a new trial because: (1) his attorney advised him to waive a jury trial; (2) the Court violated his rights by "insisting" the trial be concluded in one day; (3) the Court did not adequately address the contents of DuPont's

presentence report ("PSR"); and (4) his attorney failed to file a notice of intent to appeal in a timely fashion.

I.      **Movant's claims are meritless.**

   A.   **Trial counsel's advice to waive a jury trial was not ineffective assistance of counsel.**

Construing Movant's first argument liberally, Movant argues he was denied his right to a jury trial because his attorney never advised him that a change of venue option was available as an alternative to waiving his right to a jury trial.

To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)). Failure to satisfy either prong is fatal to the claim, and the court need not reach the performance prong if the defendant suffered no prejudice from the alleged ineffectiveness. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

To establish prejudice, a movant must show that the outcome would have been different had counsel's performance not been deficient. If the movant cannot show a reasonable probability that the outcome would have been different, he cannot show prejudice. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000).

Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006). Trial counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are

virtually unchallengeable." *Strickland*, 466 U.S. at 690. Strategic choices made in the shadow of a lack of preparation or investigation, however, are not protected by the same presumption. *Armstrong*, 534 F.3d at 864.

In the present case, Movant has failed to demonstrate either that trial counsel's performance was deficient or that he was prejudiced by the failure to seek a change of venue. Counsel's performance was not deficient because trial counsel's advice to waive a jury trial was reasonable given the circumstances, and counsel's decision not to move for a change of venue was clearly strategic. *Maxwell v. Mabry*, 672 F.2d 683, 685 (8th Cir. 1982). The Court notes Movant does not contend that counsel's concerns about a jury trial were unwarranted, nor does Movant argue his waiver was uninformed.

Furthermore, Movant has not shown that counsel's failure to advise him that he could file a motion for change of venue somehow prejudiced him. Nothing in the record supported granting a change of venue. *See United States v. Rodriguez*, 581 F.3d 775, 784-86 (8th Cir. 2009) (noting exposure to publicity is not enough to require a change of venue and discussing the steps a district court can take to avoid seating any jurors who might be prejudiced). Thus, there is no basis for Movant to claim that had counsel filed such a motion, the Court would have granted it. Additionally, since the fire received coverage in the national news media, *see, e.g.*, http://www.nbcnews.com/id/15919501/ns/us_news-life/t/fire-kills-missouri-home-disabled/, it is unclear whether a change of venue would have made any difference. Consequently, there is no merit to Movant's first claim.

> **B.  The Court cannot consider Movant's claim regarding the trial's length because he is raising this claim for the first time in his § 2255 motion and cannot show actual prejudice.**

Movant's second argument is that the Court's "insistence" the trial be completed in one day violated his "rights." Movant did not raise this claim on his direct appeal, and he does not indicate whether the rights in question were constitutional or statutory.

A motion under § 2255 is not a substitute for a direct appeal or the route to complain about simple trial errors. *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987) (citing *Johnson v. United States*, 805 F.2d 1284, 1287 (7th Cir. 1986)). "A petitioner . . . cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on a direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). A petitioner seeking to raise a constitutional or jurisdiction issue for the first time in a § 2255 motion must show cause excusing his failure to raise the issue on direct appeal and actual prejudice resulting from the error, or he must prove he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (U.S. 1998).

Assuming Movant's claim raises a constitutional issue, Movant has not established actual prejudice. To establish actual prejudice, a petitioner must show the error "worked to his *actual* and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). This is a demanding standard; it requires a defendant to carry a burden "significantly higher" than he would be required to satisfy on direct review under the plain-error standard. *Id*. at 167. Here, Movant does not show how he was prejudiced by not raising this issue on appeal. The record shows Movant confronted and cross-examined the witnesses against him, called a witness to testify on his behalf, and testified himself. He also introduced evidence in support of

his position. In short, trying this case in one day did not create any appealable issues, thus Movant was not prejudiced by the failure to this issue on appeal.

There is also no merit to Movant's assertion that in order to shorten the trial, the Court forced Movant to enter into a lengthy stipulation of fact that contained inaccuracies. Movant does not deny that: (1) Government counsel provided defense counsel with a set of proposed stipulations a week before trial, on September 13, 2010; (2) after reviewing the stipulation and engaging in negotiations, the parties made several changes; (3) Movant was given an opportunity to review the stipulation and make corrections prior to trial; (4) Movant signed the stipulation agreeing that it could be admitted at trial; and (5) at trial, the Court gave Movant an opportunity to make several clarifications to the stipulations, and the Court noted his clarifications. Thus, Movant has not established actual prejudice stemming from his failure to raise this issue in his direct appeal.

Finally, contrary to Movant's suggestion, the trial length did not prevent him from presenting evidence that his federal probation officer knew where and how he was employed. Movant's probation officer, Adam Szura, testified at trial about his knowledge of Movant's employment.

Because Movant cannot establish prejudice, he has procedurally defaulted this claim and it must be denied.

### C. Movant procedurally defaulted his claim related to the presentence report.

Movant's third argument is that the Court "failed to adequately address the contents" of his presentence report ("PSR"). Movant contends the sentencing judge is required to engage a defendant, not just defense counsel, in a colloquy regarding the contents of the PSR. Because Movant did not raise this claim on direct appeal and it does not implicate a constitutional right, Movant has procedurally defaulted on this claim and the Court may not address it.

### D. Defense counsel timely filed a notice of appeal.

Fourth and finally, Movant raises an ineffective assistance of counsel argument arguing his attorney failed to timely file a notice of appeal. The record shows, however, that defense counsel did file a timely notice of appeal.

Movant's real grievance here appears to be that his attorney did not appeal the *length* of his sentence. Movant, however, does not identify any colorable basis counsel had to appeal the length of Movant's sentence. Consequently, Movant cannot show counsel's performance was deficient, so this claim is denied.

## II. No evidentiary hearing is required.

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id*. (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States*, 347 F.3d 720, 721 (8th Cir. 2003) (holding a § 2255 motion may be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

As discussed above, Movant's claims are procedurally defaulted or conclusively contradicted by the record. Consequently, no evidentiary hearing is required or will be held.

## III. No certificate of appealability should be issued.

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). District courts customarily address

7

this issue contemporaneously with the order on the motion. *See Pulliam v. United States*, No. 10-3449-CV-S-ODS, 2011 WL 6339840, at *4 (W.D. Mo. Dec. 16, 2011).

A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the movant to demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 464 U.S. 800, 893 n.4 (1983)). In the present case, the Court holds no reasonable jurist would grant this § 2255 motion, and so the Court declines to issue a certificate of appealability.

**Conclusion**

For the reasons discussed above, the motion (Doc. 1) is DENIED and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   October 17, 2013                             /s/ Greg Kays
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT